

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2006

# Aldinger v. Spectrum Contr Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Aldinger v. Spectrum Contr Inc" (2006). *2006 Decisions.* Paper 302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4452

_____

STANLEY ALDINGER; CYNTHIA ALEXANDER; JEFFREY BARCLAY;
DIANE BENSIN; BARBARA CARL; LYNN CHUBB; DONNA COBLE;
LORI COMBS; ANTHONY EBERLY; SUZETTE EBERLY; LINDA ELDER;
LARRY FACKLER; CONNIE FALLINGER; TRACY FAUSNACHT;
JULIE FISHEL; ANNA FITZKEE; DONALD FRYER;
LAURA GOLDSHOLLE; DORIS GUTSHALL; JOAN KAUTZ;
SUSAN KELLER; JANE KUCHAR; PATTI LEESE;
GEORGE LURIE; WAYNE LUTTRELL; LYDIA MARTINEZ;
SANDRA METZLER; CATHY MILLER; DENNIS MILLER;
CARLA OLEWILER; THOMAS OLSON; ANNETTE PARIS;
JOHN SPIGELMEYER; KATHLEEN STOCKTON;
RHELDA STOUT; LANETTE WEBER; SHERRY WINEBARGER;
SCOTT WOLGEMUTH,

Appellants

v.

SPECTRUM CONTROL, INC.; AMP INCORPORATED;
AMP INCORPORATED SEVERANCE PAY PLAN;
AMP INCORPORATED EMPLOYEE SEVERANCE PLAN

_____

On Appeal from the United States District Court
for theMiddle district of Pennsylvania
(D.C. Civil No. 02-cv-00572)
District Judge: Honorable Yvette Kane

_____

_____

Argued on September 28, 2006

Before: RENDELL, ROTH, and GIBSON*, <u>Circuit Judges</u>.

(Filed October 24, 2006 )


John B. Dougherty
Ira H. Weinstock, P.C.
800 North Second Street
Harrisburg, PA  17102

*Counsel for Appellants*
*Stanley Aldinger; Cynthia Alexander; Jeffrey Barclay;*
*Diane Bensin; Barbara Carl; Lynn Chubb; Donna Coble;*
*Lori Combs; Anthony Eberly; Suzette Eberly; Linda Elder;*
*Larry Fackler; Connie Fallinger; Tracy Fausnacht;*
*Julie Fishel; Anna Fitzkee; Donald Fryer;*
*Laura Goldsholle; Doris Gutshall; Joan Kautz;*
*Susan Keller; Jane Kuchar; Patti Leese;*
*George Lurie; Wayne Luttrell; Lydia Martinez;*
*Sandra Metzler; Cathy Miller; Dennis Miller;*
*Carla Olewiler; Thomas Olson; Annette Paris;*
*John Spigelmeyer; Kathleen Stockton; Rhelda Stout;*
*Lanette Weber; Sherry Winebarger; Scott Wolgemuth*


(cont'd)


_____
    *  Honorable John R. Gibson, Judge of the United States Court of Appeals for the
       Eighth Circuit, sitting by designation.

2

Kurt A. Miller
Thorp, Reed and Armstrong
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA  15219

*Counsel for Appellee*
*Spectrum Control, Inc.*


Peter O. Hughes
Evan J. Shenkman
Ogletree, Deakin, Nash, Smoak
   & Stewart
10 Madison Avenue, Suite 402
Morristown, NJ   07960

Thomas M. Christina
Ogletree, Deakin, Nash, Smoak
   & Stewart
300 North Main Street
P. O. Box 2757
Greenville, SC  29602

Counsel for Appellees
AMP Incorporated;
AMP Incorporated Severance Pay Plan;
AMP Incorporated Employee Severance Plan

_____

## OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Appellants, thirty-seven former employees of AMP, Inc. ("AMP") and Spectrum

Control, Inc. ("Spectrum") and one current employee of Spectrum, appeal the order of the

3

District Court granting summary judgment to Spectrum with respect to their claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL"), and the Pennsylvania common law of contracts. Appellants also appeal the order of the District Court granting judgment in favor of AMP, the AMP, Inc. Service Pay Plan ("SPP") and the AMP, Inc. Employee Severance Plan ("ESP") with respect to their claims under ERISA. We will affirm the orders of the District Court.

## I.

Appellants are former employees of AMP's Signal Conditioning Products Division located in Elizabethtown, Pennsylvania. During their employment with AMP, Appellants were covered by two severance plans: the SPP, adopted by AMP in 1991, and the ESP, adopted by AMP in 1998. The SPP covered an AMP employee so long as, *inter alia*, he or she was not terminated "from the Company's payroll due to the sale of a subsidiary, division, plant, or other operating asset[] where the terminated employee [continued or was offered the opportunity] to continue on the payroll of the purchaser[.]" The ESP covered an AMP employee so long as he or she suffered a severance, which the plan defined, *inter alia*, as termination on or within two years following any person or entity becoming "the beneficial owner. . .of securities of the Company. . . representing 30% or

4

more of either the then outstanding shares of common stock of the Company or the combined voting power of the Company's then outstanding securities[.]"

On February 1, 1999, AMP announced its intention to sell the Signal Conditioning Products Division to Spectrum. On the same day, AMP distributed a question and answer memorandum to its employees addressing their potential concerns about the sale. In responding to the question, "What happens to my AMP benefits?" the memorandum read as follows:

> "Spectrum Control will compensate employees in a similar manner. While salaries and specific benefits may change somewhat, in the aggregate, your compensation and benefits package will be equivalent to that of AMP."

Additionally, in responding to the question, "What happens if, after I transfer to Spectrum, I'm laid off?" the memorandum indicated that Spectrum would "honor AMP service credit in calculating severance benefits." Though Spectrum received a copy of this memo from AMP prior to its circulation, it did not create or distribute it.

On Friday March 26, 1999, the Asset Purchase Agreement ("APA") covering AMP's sale to Spectrum became effective. Despite the representations made in AMP's employee memorandum, the APA stated that Spectrum would not assume any of AMP's employee severance benefit liabilities and that Spectrum would only credit AMP service time in calculating the severance of employees terminated within one year following the sale. Appellants were not aware of this provision at the time. On the same day, AMP terminated Appellants' employment. Spectrum immediately rehired Appellants the

5

following day and they reported for work on Monday March 29, 1999 without interruption to their duties or any loss of wages.

On April 2, 1999, in a transaction unrelated to the one with Spectrum, AMP sold more than thirty percent of its outstanding shares to Tyco International Ltd. ("Tyco").

In April of 2001, approximately two years following the asset purchase, during which time Appellants continued employment with Spectrum, Spectrum began to close the Elizabethtown facility and to terminate Appellants' employment. Contrary to the statements made in the 1999 memorandum, Spectrum did not credit Appellants' service time at AMP in calculating or awarding severance benefits. Appellants subsequently filed suit against Spectrum, AMP, SPP and ESP on April 5, 2002, alleging violations of ERISA, the WARN Act, the WPCL and the Pennsylvania common law of contracts and seeking severance benefits reflecting their service time with AMP as well as punitive damages.

On June 30, 2003, the District Court granted Spectrum summary judgment with respect to Appellants' ERISA claim, holding that Spectrum was not a fiduciary of either AMP plan and therefore was not a proper defendant, and with respect to Appellants' common law breach of contract claim, holding that because Spectrum had neither authored nor sanctioned AMP's 1999 employee memorandum Spectrum could not be held to its terms. Additionally, the District Court granted summary judgment to Spectrum on Appellants' WARN Act claim, holding that any duty to inform Appellants of the

6

March 1999 termination was with AMP and not Spectrum,[1] and Appellants' WPCL claim, holding that it was preempted by ERISA.

On September 2, 2003, following a bench trial, the District Court entered judgment in favor of the AMP plans with respect to Appellants' ERISA claims, holding that the plain language of both the SPP and the ESP clearly excluded Appellants from coverage.[2] With respect to the SPP, the District Court found that Appellants were excluded from its coverage because their employment continued with Spectrum after the asset purchase. In regards to the ESP, the District Court found that, though AMP's sale to Tyco represented a "change of control" as defined by the plan, this change of control happened after employees were terminated by AMP and not before. Therefore, the District Court found that Appellants did not suffer a severance, as the term was expressly defined by the ESP, and consequently had no claim for benefits. Finally, the District Court granted AMP summary judgment with respect to Appellants' claim for equitable sanctions under ERISA for failure to disclose plan documents, holding that Appellee's duty to disclose was only as to plan "participants" and Appellants could not be characterized as such.

---

[1]The District Court refused to address Appellants' claim that Spectrum also violated the WARN Act by failing to give notice of the 2001 termination. The District Court held that Appellants raised the issue for the first time in their brief in opposition to Spectrum's motion for summary judgment and that it was not pled in their complaint.

[2]The District Court also rejected Appellants' alternative arguments that the 1999 memorandum either amended the SPP and the ESP or that it gave rise to a new ERISA-covered plan.

## II.

In her two Opinions and Orders, Chief Judge Kane fully and adequately explained why Appellee Spectrum was entitled to summary judgment and why Appellees AMP, SPP and ESP were entitled to judgment on each of Appellants' claims. We find her reasoning to be fully explained, compelling and without error. We will not repeat or add to the District Court's thoughtful analysis merely to reach the same result.

Accordingly, we will affirm.